UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER JACKSON,

                Plaintiff,

-against-

PHOENIX TRANSPORTATION SERVICE;
ELIDA WULEZYN; MARLAINA KOLLER,

                Defendants.

18-CV-3185 (CS)

**ORDER**

CATHY SEIBEL, United States District Judge:

    On May 24, 2018, the Court ordered service of process upon Defendants in the above-captioned case. (Doc. 6.) The U.S. Marshals Service ("USMS"), however, was unable to effect service at the address Plaintiff had provided. (Docs. 8-10.) On July 16, 2018, Plaintiff informed the Court that he had provided the wrong address and furnished the correct one. (Doc. 11.) On July 17, I ordered the Clerk of Court to convey a copy of Plaintiff's letter to the USMS. (Doc. 12.) My expectation was that the USMS would read Plaintiff's letter and re-serve Defendants at the correct address. Apparently, that did not happen. I did not learn until April 5, 2019, that the USMS needed an amended order of service, which I provided immediately. (Doc. 13.)

    On April 23, 2019, Plaintiff advised the Court that Defendants have yet another new address. (Doc. 14.) Consequently, I entered another order of service on April 24. (Doc. 15.) The USMS served Defendants on June 25, and their answers were due July 16. (Docs. 16-20.) Defendants never answered.

    On February 14, 2020, Defendant Koller filed a notice of bankruptcy, staying the action as against her pursuant to 11 U.S.C. § 362(a). (Doc. 23.) Section 362(a)'s automatic stay does not apply to her co-defendants, however. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).

As Defendants' time to answer has long since passed, the Court directs Plaintiff to either (1) make an application for a default judgment against Defendant Phoenix Transportation System and Defendant Wulezyn by March 19, 2020, or (2) voluntarily discontinue this action by the same date. Failure to do one or the other may result in dismissal without prejudice under Federal Rule of Civil Procedure 41 for failure to prosecute, without further notice. If Plaintiff chooses to seek a default judgment, he is to follow the procedures outlined in Attachment A of my Individual Practices[1] and is encouraged to ask the New York Legal Assistance Group ("NYLAG") clinic for assistance.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: February 18, 2020
       White Plains, New York

                                                  CATHY SEIBEL
                                                  United States District Judge

---

[1] https://nysd.uscourts.gov/sites/default/files/practice_documents/CS%20Seibel%20individual%20practices%20v10%20eff%20020320%20FINAL.pdf.